United States District Court
District of Massachusetts

```
_____
                              )
CARLOS LANDAN,                )
      Petitioner,             )
                              )
           v.                 )    Case Nos.
                              )    07-cr-10407-NMG-1
UNITED STATES,                )
      Respondent.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

## I. Background

On August 14, 2008 defendant Carlos Landan ("Landan") was charged in an eight count Superceding Indictment. On December 14, 2010, defendant pled guilty to seven counts pursuant to a plea agreement with the government. Under the plea agreement defendant pled guilty to conspiracy to distribute crack cocaine and felon in possession charges. In exchange, the government agreed to drop Count Eight of the Superseding Indictment which charged the defendant with possession of a firearm in furtherance of drug trafficking. That charge would have carried a mandatory minimum five-year sentence on and after any other sentence imposed.

In the plea agreement LanDan took responsibility for between 50 and 150 grams of crack cocaine. He also "waive[d] any right he has to challenge his sentence on direct appeal or in

collateral challenge."

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA") which increased the amount of crack cocaine required to trigger the mandatory minimum sentences. On May 17, 2011 LanDan was sentenced under the premise that the then mandatory minimum of 120 months was applicable. The Court departed above the guideline range based on the government's motion for departure and sentenced LanDan to 133 months.

On April 6, 2012, LanDan filed a motion requesting retroactive application of the sentencing guidelines pursuant to § 18 U.S.C. 3582 (c)(2). LanDan relied on the Supreme Court's decision in Dorsey v. United States, 132 S.Ct. 2321 (2012) which held that the FSA penalty scheme applies to all defendants sentenced on or after August 3, 2010, regardless of when they committed the offense. Although LanDan was sentenced after that date, this Court determined that because LanDan's sentence was based on a mandatory minimum and an upward variance pursuant to 28 U.S.C. § 3553 and not on the guidelines he is ineligible for relief under § 3582. As a result, the Court treated defendant's motion as a motion for re-sentencing and requested that the parties submit briefs.

**II.  Analysis**

The Court agrees that because LanDan was sentenced after August 3, 2010, under the reasoning of Dorsey he would no longer

be subject to the ten-year mandatory minimum.  That analysis is changed, however, by the fact that in this case defendant agreed in writing as part of his plea deal to waive his right to appeal.

The First Circuit has not ruled as to whether to enforce appeal waivers in cases raising FSA claims post Dorsey.  It appears, however, that every federal court that has addressed that issue has enforced the appeal waiver.  See, e.g., United States v. Harrison, No. 11-cr-1240, slip op. at 2-3 (2d Cir. Nov. 6, 2012) (per curiam); United States v. Stephens, 2012 WL 4874857, at *2-3 (3d Cir. Oct. 16, 2012); United States v. Thomas, 2012 WL 4378736, at *1 (5th Cir. Sept. 26, 2012); United States v. Webb-Thompson, 2012 WL 3683522, at *1-2 (E.D.N.Y. Aug. 24, 2012)("[t]he Supreme Court's holding in Dorsey, establishing that the FSA is applicable to defendants like Webb-Thompson, does not render the [appeal] waiver unenforceable").  In so ruling, the Second Circuit even noted that the fact that most of the applicable decisions were unpublished or made in summary orders "underscores the fact that the applicable law is altogether clear."  Harrison, No. 11-cr-1240, slip op. at 3.

Enforcing the appeal waiver is also consistent with the position this Court took at sentencing in this case. After noting that the parties disputed whether the FSA should be applied retroactively, the Court commented that such an

> argument would apply if there wasn't any plea agreement
> in this case . . . But in this case, it seems to me there

> is a written plea agreement...[in which defendant] agreed that the ten-year mandatory minimum applied.

This court stands by its original statement. Furthermore, because the waiver was knowingly and voluntarily agreed to despite defendant's awareness of the dispute regarding the retroactivity of the FSA, this Court declines to overturn defendant's appeal waiver. The parties are both entitled to the benefit of their (plea) bargain. The defendant will not be seen to disavow that bargain after the fact. As a result, defendant's sentence will not be reduced.

### ORDER

In accordance with the foregoing, defendants' motion to reduce sentence (Docket No. 156) is **DENIED**.

**So ordered.**

                                      /s/Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated November 27, 2012